IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN T. BROTHERS, III, | : |
| Plaintiff, | : |
| v. | : Civ. No. 15-1185-RGA |
| DR. LYNCH, et al., | : |
| Defendants. | : |

**MEMORANDUM**

Plaintiff John T. Brothers, III, a prisoner incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware, commenced this action on December 21, 2015, pursuant to 42 U.S.C. § 1983. On March 10, 2017, Plaintiff filed a motion for injunctive relief seeking a different housing assignment on the grounds that he is disabled, and his current housing assignment does not accommodate him. (D.I. 35).

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.* Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Plaintiff states that he has chronic headaches and frequent dizziness and vertigo due to traumatic brain injuries. He uses a cane to walk. Plaintiff states that with his current housing assignment he is expected to walk too far to get to the chow hall and this causes him terrible pain, noting that on March 7, 2017 he was denied dinner because he could not make the walk. Plaintiff complains that staff will not bring food to him, that the shower does not have railings, he cannot use the bathroom or take a shower without much difficulty and danger, and there are "all kinds of tripping hazards" in his housing area. He also complains that inmates are not considerate of his injuries and he is bumped into and knocked around quite a bit.

Plaintiff is assigned a bottom bunk. Administration told him it had been assured there were no medical issues with plaintiff's current housing assignment so long as he is assigned to a bottom bunk. Plaintiff states that "many medical employees" have told him that he should be assigned to a housing unit for inmates with medical needs. Plaintiff anticipates that his incarceration will end in four months.

Medical records indicate that plaintiff was evaluated by a neurologist on March 9, 2017. (D.I. 37-1 at 16). Plaintiff relayed the physical difficulties he had, and indicated that he did not want to live in the infirmary and had heard about "the T building which is for people that can't move around well." (*Id.*) The note states that "if MD has documented restrictions will then put in memo requesting more handicapped housing." (*Id.*)

James Scarborough, VCC Deputy Warden, provided a declaration stating that Plaintiff has been medically evaluated and there has been no recommendation to change Plaintiff's housing location. (D.I. 38). Scarborough states that moving Plaintiff

2

to the T-Building, not only changes his housing assignment, but would also change his classification. (*Id.*). Inmate housing assignments fall under the purview of the wardens or their designees (such as the multi disciplinary team). Scarborough states that Plaintiff has an extensive disciplinary history and is a challenge to manage in any housing unit other than maximum security. (*Id.*). According to Scarborough, housing Plaintiff in a dormitory will place staff, and any inmate assigned there who has physical or mental limitations or vulnerabilities, at unnecessary risk. (*Id.*). Scarborough relates numerous incidents in 2016 when Plaintiff was placed on disciplinary report for his failure to obey prison rules and regulations. (*Id.*) Scarborough notes that Plaintiff has been accommodated with a bottom bunk and continues to receive medical treatment.

As noted, this is a § 1983 action, but the pending motion for injunctive relief seems to seek accommodation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132, *et seq*. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). "Although prison officials are generally entitled to 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline to maintain institutional security,' *Bell v. Wolfish*, 441 U.S. 520, 547 (1979), this will not always absolve them of their obligations under the ADA." *Matthews v. Pennsylvania Dep't of Corr.*, 613 F. App'x 163, 169 (3d Cir. 2015).

Here, Scarborough indicates that Plaintiff remains in his current housing assignment due to his extensive disciplinary history and concerns for the safety of the

3

staff and other inmates given that history. However, Plaintiff's medical conditions are also accommodated, as is evidenced by his assignment to a lower bunk. Notably, there is no evidence of record that medical personnel have determined Plaintiff should be considered for a special housing assignment. Finally, it is Plaintiff's burden to prove he is entitled to injunctive relief, and the parties' differing views of Plaintiff's housing assignment does not affect the Court's decision. Therefore, considering the facts adduced and the appropriate legal standard, the Court finds that Plaintiff has failed to demonstrate the likelihood of success on the merits.

For the above reasons, the court will deny the motion for injunctive relief. (D.I. 35). A separate order shall issue.

Dated: April ___6___, 2017

Richard G. Andrews
UNITED STATES DISTRICT JUDGE